IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MICHAEL A. MANUEL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-06-356 |
| | § | |
| HARTFORD LIFE GROUP INS. CO., | § | |
| | § | |
| Defendant. | § | |

## ORDER GRANTING
## DEFENDANT'S MOTION TO DISMISS

Plaintiff Michael Manuel ("Plaintiff") alleges claims for breach of contract, violations of ERISA, breach of fiduciary duties under ERISA, and violations of Texas law. Defendant now moves to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons outlined below, Defendant's Motion is **GRANTED.**[1]

**I. Legal Standard**

A party is entitled to dismissal under Fed. R. Civ. P. 12(b)(6) when an opposing party fails to state a claim upon which relief may be granted. When considering a motion to dismiss for failure to state a claim, the Court accepts as true all well-pleaded allegations in the complaint and views them in the light most favorable to the plaintiff. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (noting that a court must construe the complaint liberally in favor of the plaintiff); *see also Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993). "A motion to

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

1

dismiss under Rule 12(b)(6) is viewed with disfavor and is rarely granted." *Collins*, 224 F.3d at 498. A motion to dismiss should be granted only when it appears without a doubt that a plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002); *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994); *see also Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957).

## II. Analysis

### A. State Law Claims

In enacting the Employee Retirement and Income Security Act ("ERISA"), Congress intended for ERISA's civil enforcement provision to preempt state-law causes of action within the scope of the provision. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S. Ct. 1549, 95 L. Ed. 2d 39 (1987). "State law claims, regardless of how they are pleaded, are preempted if they 'relate to' an ERISA plan." *Epps v. NCNB Texas*, 7 F.3d 44, 45 (5th Cir. 1993). In this case, Plaintiff acknowledges that the plan in question is indeed an ERISA plan, and there is no argument that Plaintiff's causes of action, which arise directly out of a termination of benefits, do not "relate to" the plan.

Rather, Plaintiff's argument in support of his state-law claims relies on a concurring opinion by Justice Ginsburg in *Aetna Health Inc. v. Davila*, 542 U.S. 200, 222, 124 S. Ct. 2488, 2503, 159 L. Ed. 2d 312 (2004) in which Justice Ginsburg questions the continued propriety of the law surrounding ERISA preemption. However, Justice Ginsburg's opinion is not the law, as she appropriately points out in the opening paragraph. *See id.* The law remains as stated above, and Plaintiff's state-law claims are preempted.

Plaintiff also argues that the Supreme Court's recent decision in *Sereboff v. Mid Atlantic Services, Inc.*, 547 U.S. ___, 126 S. Ct. 1869, 164 L. Ed. 2d 612 (2006) "signals a broadening of the available 'equitable' remedies under ERISA." Resp. at 4. This may be a correct interpretation of the *Sereboff* opinion, but it is simply irrelevant to the instant case. In *Sereboff*, the insurer sought subrogation from the insured through an action akin to a claim for an equitable lien. *Id.* It is on that basis that the Court allowed recovery on a state-law contract claim. *Id.* That is not the case here, and Plaintiff has offered this Court no argument analogizing the facts of this case to the facts of *Sereboff*. Accordingly, the Court finds *Sereboff* inapplicable to the instant case.

B.  Breach of Fiduciary Duty Claim

A plan participant may sue for a breach of fiduciary duty pursuant to 29 U.S.C. § 1132(a)(2). However, such a remedy is available only when no claim for benefits exists under 29 U.S.C. § 1132(a)(1). *See Tolson v. Avondale Industries, Inc.*, 141 F.3d 604, 610 (5th Cir. 1998). Though Plaintiff does not specifically cite § 1132(a)(1), the facts of this case, which allege wrongful termination of benefits, are more appropriate for relief under that provision, and this case will proceed accordingly.

IV.  Conclusion

For the reasons stated above, Defendant's Motion to Dismiss is **GRANTED**. Plaintiff's claims for breach of contract, breach of fiduciary duty, and violations of Texas law are **DISMISSED WITH PREJUDICE.** All other claims remain. Each Party is to bear its own taxable costs, expenses, and attorneys' fees incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 5th day of October 2006, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge